## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMILICAR RIVAS RIVERA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 16-456** |
| | : | |
| **SUPT. JACK SOMMERS,** *et al.* | : | |

## AMENDED MEMORANDUM[1]

**KEARNEY, J.**                                                           **February 4, 2020**

To ensure finality, we must adhere to deadlines for filing an appeal. We cannot allow a person to appeal years after the final order and argue, largely without a basis, he never received the Order. We today address a *pro se* inmate's November 6, 2019 argument he never received our October 30, 2017 Order denying his Petition for *habeas* relief. Exercising our discretion and carefully evaluating the entire history of his *habeas* litigation, we find no basis to reinstate his appellate rights two years after our final Order. Our case today involves a person who repeatedly monitored the docket, filed several motions and pleadings, and, as we just learned, wrote to the Commonwealth's lawyer in an attached letter not of record seeking to ensure timely delivery of her reply memoranda to his known long-known address at SCI Waymart. But then he did nothing for almost two years. His lengthy unexplained silence is deafening. His November 2019 argument of a typographical error in an undated letter delivered to him but addressed to another facility in 2019 does not establish in any way he did not receive our October 30, 2017 Order in time to file an appeal. We find no grounds to reinstate his appellate rights long after the 180-day period from our October 30, 2019 final Order.

---

[1] We amend only to correct a typographical error in the year of Plaintiff's November 6, 2019 argument. Nothing in this Memorandum affects our final Order (ECF Doc. No. 55).

## I.    Background

On January 19, 2016, Amilicar Rivas Rivera petitioned for a writ of *habeas corpus* challenging a February 12, 2013 conviction for twenty-four burglaries, five attempted burglaries, theft, and criminal conspiracy resulting in a sentence of fifteen to thirty years.[1] He appealed with no success.[2] He sought *habeas* relief arguing ineffective assistance arguing his counsel failed to communicate he could plead guilty for some charges and proceed to trial for the other charges and the public defender advised him a direct appeal would be unsuccessful.[3] He also raised these issues in a Post-Conviction Relief Act Petition.[4] He further argued ineffective assistance of his post-conviction counsel for failing to file an effective amended Petition, providing false statements, and not raising the issues he thought would win.[5] Mr. Rivas Rivera alleged prosecutorial misconduct by allegedly presenting a fabricated burglary to the trial court.[6] Mr. Rivas Rivera also argued the trial court abused its discretion by misapplying a rule of criminal procedure in considering a letter in a post-sentence motion although he did not raise these issues because his counsel ignored his requests.[7] His post-conviction counsel also did not raise these issues.[8] The Commonwealth contested all of these claims.   It is undisputed all of Mr. Rivas Rivera's paperwork identified his address at SCI Waymart in Waymart, Pennsylvania.

Mr. Rivas Rivera moved to stay his writ of *habeas corpus* within a month of filing his petition for failing to exhaust his claims.[9] Mr. Rivas Rivera again identified his address at SCI Waymart. Mr. Rivas Rivera sought leave to file a reply in support of his habeas Petition identifying his address at SCI Waymart.[10] Mr. Rivas Rivera also moved to file a counterclaim to the Commonwealth's answers to his Petition for writ of *habeas corpus* identifying his address at SCI Waymart.[11] Mr. Rivas Rivera thereafter filed a series of pleadings and motions always identifying his address at SCI Waymart.[12] He always identified his address at SCI Waymart and never claimed

he did not receive mail nor is there an entry on the docket of undelivered mail.

On August 30, 2017, Judge Perkin entered a Report and Recommendation finding Mr. Rivas Rivera's Petition should be denied with prejudice and dismissed without an evidentiary hearing.[13] Mr. Rivas Rivera promptly moved for an extension; he did claim he did not receive the mail.[14] We granted him leave to file objections to Judge Perkin's Report and Recommendation. Mr. Rivas Rivera filed his objection.[15] Mr. Rivas Rivera never claimed he did not receive mail at SCI Waymart.

On October 30, 2017, we overruled Mr. Rivas Rivera's objections to Judge Perkin's extensive and well-reasoned Report and Recommendation and dismissed the *habeas* petition.[16] As our docket (available to Mr. Rivas Rivera) confirmed, our Clerk of Court mailed our Order to Mr. Rivas Rivera. We learned this week Mr. Rivas Rivera sent the attached November 5, 2017 letter to the Commonwealth lawyer asking for a copy of any reply she may file to his objections. He did not move for relief. His November 5, 2017 letter to the Commonwealth's attorney does not stay or toll his obligation. He curiously sent a copy of his November 5, 2017 letter to Judge Perkin although Mr. Rivas Rivera knew Judge Perkin's role ended on August 30, 2017.

Although Mr. Rivas Rivera repeatedly filed papers before our October 30, 2017 decision, we heard nothing from Mr. Rivas Rivera requesting a status until over two years later.

On November 5, 2019, Mr. Rivas Rivera claimed he never received the October 30, 2017 Order citing an undated letter sent from the Clerk of Court seeking a status mistakenly identifying an address in Waynesburg, Pennsylvania with the corrected address on the envelope.[17] The undated letter from our Clerk of Court included an address in a different typographical font than the remainder of the undated letter. On November 6, 2019, we denied his request to appeal *nunc pro tunc* from our October 30, 2017 Order without prejudice for him to move for relief swearing receipt

3

of no legal mail related to the October 30, 2017 Order at SCI Waymart or demonstrating other legal mail not reaching him at the SCI Waymart other than this one 2019 response to his 2019 letter.[18] On November 26, 2019, Mr. Rivas Rivera wrote to our Clerk of Court advising he filed a grievance with the prison regarding the delivery of his October 30, 2017 Order.[19] On January 7, 2020, Mr. Rivas Rivera wrote to our Clerk of Court partially responsive to our November 6, 2019 Order seeking reinstatement of his appeal rights arguing the correctional officer's response to his grievance confirmed he received all mail addressed to him but not suggesting delay in the mail or any return mail, or identifying mail he did not receive. To the contrary, the response to his grievance indicates the correctional officers at SCI Waymart delivered all mail to him. There is no indication on any file of undelivered mail or returned mail to Mr. Rivas Rivera.

## II.    Analysis

Mr. Rivas Rivera moves to reinstate his appeal rights well after two years of us overruling his objections to Judge Perkin's Report and Recommendation. He argues he did not receive our October 30, 2017 Order and did not check with anyone for almost two years when he wrote a letter (we do not have) concerning the status and the return letter from the Clerk of Court identified an incorrect address. We disagree.

Federal Rule of Civil Procedure 77(d) governs the Clerk's duty to provide written notice of all orders and judgments and the effect of noncompliance with this duty. We require the Clerk serve the parties with notice of entry of an order or judgment immediately after making the entry.[20] A party's time to appeal is not affected by a lack of notice. "Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."[21]

Rule 4(a) "provides a mechanism for granting an extension of time when a party would be

unfairly deprived of an appeal because of the failure of a court clerk."[22] A party must file a notice of appeal within thirty days after entry of a judgment or order, but a party who fails to appeal within thirty days may move to reopen the time to appeal a judgment or order under Federal Rule of Appellate Procedure 4(a)(6).[23] Rule 4(a)(6) permits us to reopen the appeal period for fourteen days, but only if we find: (1) "the party did not receive notice under Federal Rule of Civil Procedure 77(d) of a judgment or order within twenty-one days after its entry,"[24] (2) the party moved to reopen "by the earlier of 180 days following entry of the judgment or order or fourteen days after the party receives notice of its entry,"[25] and (3) no party would be prejudiced.[26] Complete satisfaction of these conditions does not create a party's automatic right to reopen,[27] but failure to satisfy these conditions is fatal to a party's motion.[28] The ultimate determination to reopen the appeal period falls within our discretion.[29]

In *Abulkhair v. Liberty Mutual Insurance Company*,[30] Judge Linares dismissed Mr. Abulkhair's complaint on February 11, 2010 for lack of subject matter jurisdiction.[31] Mr. Abulkhair's period to appeal the dismissal closed on March 13, 2010, but he did not file notice of appeal until March 31, 2010 and Judge Linares dismissed the appeal for lack of appellate jurisdiction.[32] On April 12, 2010, Mr. Abulkhair moved under Rule 4(a)(6) to reopen the appeal period and submitted an affidavit "dated March 29, 2010, in which he averred that the February 11 order 'has never been served upon the Plaintiff by neither the Clerk, nor [opposing] counsel,'" and he "first received notice of the order on March 29 when it was handed to him by the court clerk."[33]

Our Court of Appeals followed the Court of Appeals for the Ninth and Second Circuits in reasoning while a district court maintains ultimate discretion in ruling on a motion to reopen the appeal period, "where non-receipt [of an order] has been proven and no other party would be

prejudiced, the denial of relief cannot rest on a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal."[34] Our Court of Appeals remanded to the district court to consider Mr. Abulkhair's Rule 4(a)(6) motion.[35]

*Abulkhair* is distinct. Mr. Abulkhair submitted an affidavit under the penalty of perjury stating he never received the clerk's notice of the entry of the dismissal Order.[36] Mr. Rivas Rivera offers no such proof. Mr. Rivas Rivera carefully monitored his case, pleading after pleading, from January 2016 up until our October 30, 2017 Order, then we heard nothing from him for almost two years. While our Clerk of Court's undated letter addressed to Mr. Rivas Rivera stated an incorrect Waynesburg, Pennsylvania address, the envelope containing this letter stated Mr. Rivas Rivera's correct address at SCI Waymart. While Mr. Rivas Rivera submitted additional factual support with his motion to reopen by including the incorrectly addressed letter from our clerk, the existence of the correctly addressed envelope makes his contention less believable. We do not find it credible Mr. Rivas Rivera cautiously monitored his case for almost two years, evidenced by filing papers on a near-monthly basis, then completely disappeared for almost two years while waiting for notice of our Order.

Even if we find Mr. Rivas Rivera did not receive notice of our Order because of a typographical error divined from an undated Clerk of Court letter with a different font for the address, he still fails to satisfy Rule 4(a)(6). We must still deny reinstatement under *Abulkhair*. Mr. Rivas Rivera is required to move "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."[37] Mr. Rivas Rivera's untimely motion is well past the 180-day deadline. This failure precludes Mr. Rivas Rivera from relief under Rule 4(a)(6).

## III.    Conclusion

Mr. Rivas Rivera's argument is somehow our October 30, 2017 Memorandum did not get to him at SCI Waymart either by forwarding or otherwise. And he did nothing to follow up for almost two years when he inquired about an incorrect address based on an undated letter from the Clerk of Court to him with an incorrect address in a different typographical font. We have no evidence Mr. Rivas Rivera received any other mail with an inaccurate address. Mr. Rivas Rivera cites a typographical error in a letter (but not an envelope) arguing the Clerk of Court mailed our October 30, 2017 Order to an incorrect address which no one ever forwarded to him. He never checked to see what happened. We have no basis to find this possibility.

Exercising our discretion, we find no basis to reinstate Mr. Rivas Rivera's appeal rights because of a lack of mail delivery. There is no evidence he did not receive the mail other than his say-so. The correctional officers confirmed they delivered all mail to him. Mr. Rivas Rivera's only argument relies upon a typographical error in a later letter which he received in any event. He offers no explanation for never checking on his case for several months although he vigilantly filed motions, extensions, counterclaims, and a variety of paperwork until our October 30, 2017 Order and Memorandum.

We decline to exercise our discretion to allow Mr. Rivas Rivera to reopen his appeal period over two years after the entry of our October 30, 2017 Order dismissing his *habeas* Petition and finding no grounds for a certificate of appealability.

---

[1] ECF Doc. No. 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] ECF Doc. No. 5.

[10] ECF Doc. No. 10.

[11] ECF Doc. No. 19.

[12] *See e.g.* ECF Doc. Nos. 22, 26, 29, 30, 34, 36, 41, 44.

[13] ECF Doc. No. 42.

[14] ECF Doc. No. 44.

[15] ECF Doc. No. 46.

[16] ECF Doc. No. 49.

[17] ECF Doc. No. 50.

[18] ECF Doc. No. 51.

[19] ECF Doc. No. 52.

[20] Fed. R. Civ. P. 77(d)(1).

[21] Fed. R. Civ. P. 77(d)(2).

[22] *Abulkhair v. Liberty Mutual Insurance Company*, 405 F. App'x 570, 573 (3d Cir. 2011) (citing *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995)).

[23] Fed. R. App. P. 4(a)(1)(A).

[24] *Abulkhair*, 405 F. App'x at 573 (citing Fed. R. App. P. 4(a)(6)(A)).

[25] *Id.*

[26] Fed. R. App. P. 4(a)(6)(C).

[27] *See Abulkhair*, 405 F. App'x at 573 (3d Cir. 2011) (citing *Arai v. American Bryce Ranches, Inc.*,

316 F.3d 1066, 1069 (9th Cir. 2003)).

[28] *See* Fed. R. App. P. 4(a)(6) ("the district court may reopen the time to file an appeal . . . only if" all conditions are satisfied).

[29] *Abulkhair*, 405 F. App'x at 573, 574 (3d Cir. 2011) (citing *Arai*, 316 F.3d at 1069 (holding a "district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met")).

[30] *Id.*

[31] *Id.* at 571.

[32] *Id.*

[33] *Id.*, 405 F. App'x at 571-72.

[34] *Id.*, 405 F. App'x at 574.

[35] *Id.*

[36] *Id.*

[37] Fed. R. App. P. 4(a)(6)(B) (emphasis added).